UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRUCE WILSON,

        Plaintiff,                                      Hon. Wendell A. Miles

v.                                                       Case No. 1:07-CV-336

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

The Commissioner determined that Plaintiff is not disabled as defined by the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 51 years of age on the date of the ALJ's decision. (Tr. 22, 49). He possesses a General Equivalency Diploma (GED) and worked previously as a production supervisor. (Tr. 69, 83-84, 151-52, 179-81).

Plaintiff applied for benefits on April 6, 2005, alleging that he had been disabled since January 7, 2005, due to "back problems." (Tr. 49-51, 68). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 23-48). On October 20, 2005, Plaintiff appeared before ALJ James Prothro, with testimony being offered by Plaintiff and vocational expert, Richard Riedl. (Tr. 147-87). In a written decision dated January 19, 2006, the ALJ determined that Plaintiff was not disabled. (Tr. 14-22). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (Tr. 3-5). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**RELEVANT MEDICAL HISTORY**

On October 27, 2002, Plaintiff participated in an MRI examination of his lumbar spine, the results of which revealed "postoperative and secondary degenerative changes at L5-S1," but no evidence of disk herniation, spinal canal stenosis, or significant signal abnormality. (Tr. 102).

On April 27, 2005, Plaintiff was examined by Dr. Paul Wagner. (Tr. 105-06). Plaintiff walked slowly with a "painful" gait. (Tr. 105). Plaintiff exhibited "severely restricted" movement "in all directions." (Tr. 105). The doctor instructed Plaintiff "regarding proper methods of lifting for the prevention of low back pain." (Tr. 106).

On May 3, 2005, Plaintiff participated in x-rays and MRI examinations of his lumbar and cervical spine. (Tr. 115-16). X-rays of Plaintiff's lumbar spine revealed "moderate" spondylosis at L5-S1 with "no change" when compared to x-rays taken on October 21, 2003. (Tr. 115). X-rays of his cervical spine revealed degenerative changes at C5-6, but "no acute abnormality." (Tr. 115). An MRI examination of Plaintiff's cervical spine revealed "normal" vertebral alignment and "normal" spinal cord signal pattern. (Tr. 115). The examination revealed narrowing of the C5-C6 disc space, but no evidence of edema, spinal stenosis, or bony destructive process. (Tr. 115). An MRI examination of Plaintiff's lumbar spine revealed "normal" vertebral alignment with no evidence of subluxation. (Tr. 116). The examination revealed "severe" disc space narrowing at L5-S1, but there was no evidence of spinal stenosis or impingement on the "neural elements" at L5-S1. (Tr. 116). The lumbar nerve roots were "normal." (Tr. 116).

On May 24, 2005, Plaintiff was examined by Dr. Wagner. (Tr. 131-32). Plaintiff walked with a "slow" and "painful" gait. (Tr. 131). He also exhibited "severely restricted"

movement "in all directions." (Tr. 131). The doctor instructed Plaintiff to engage in "regular sustained exercise for at least 30 minutes 3-4 times per week." (Tr. 132).

On September 19, 2005, Plaintiff was examined by Dr. Wagner. (Tr. 138-39). Plaintiff reported that he was experiencing "worse" pain in his neck and back. (Tr. 138). The doctor again instructed Plaintiff to engage in "regular sustained exercise for at least 30 minutes 3-4 times per week." (Tr. 139).

At the administrative hearing, Plaintiff testified that he underwent spinal fusion surgery in 1996. (Tr. 154-55). Plaintiff also reported that he underwent another (unspecified) surgery on his back, but was unsure when this surgery occurred. (Tr. 155). Plaintiff testified that he could walk one block, sit for 20-30 minutes, and stand for 30 minutes. (Tr. 160-63). Plaintiff testified that he cannot lift more than five pounds. (Tr. 165). Plaintiff reported that he performs activities "like caulking my windows and stuff like that and then just keeping the lawn mowed." (Tr. 169-70).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]  1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

   2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

   3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

### B. The ALJ's Decision

The ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine with a history of lumbar laminectomy and cervical fusion. (Tr. 18). The ALJ concluded that these impairments, whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 18). The ALJ determined that despite these impairments, Plaintiff retained the ability to perform his past relevant work as a production supervisor. (Tr. 18-21). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

#### 1. The ALJ's Decision is Supported by Substantial Evidence

Plaintiff bears the burden of demonstrating his entitlement to benefits, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any

---

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work activities subject to the following limitations: (1) he can lift 20 pounds occasionally and 10 pounds frequently; (2) he can sit for 6 hours during an 8-hour workday; (3) he can stand and/or walk for 6 hours during an 8-hour workday; (4) he can only occasionally climb ropes, ladders or scaffolds; (5) he can only occasionally stoop, bend, crouch, or crawl; and (6) he cannot perform activities which require constant use of his upper extremities to push or pull. (Tr. 19). After reviewing the relevant medical evidence, the Court concludes that the ALJ's determination as to Plaintiff's RFC is supported by substantial evidence.

The ALJ concluded that despite his limitations, Plaintiff retained the ability to perform his past relevant work as a production supervisor. (Tr. 18-21). This conclusion does not appear to be supported by the vocational expert's testimony. (Tr. 178-83). This shortcoming is of no consequence, however. First, Plaintiff has not raised this issue on appeal. More significantly, the vocational expert testified that there existed approximately 134,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 183-84). This represents

a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990) (evidence that there existed 2500 jobs "within the local region" represents a significant number); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988) (evidence that there existed 1350-1800 jobs "in the region" of the claimant's residence represents a significant number). Such evidence more than supports a denial of Plaintiff's claim at step five of the sequential process.

a. The ALJ Properly Assessed the Medical Evidence

On October 18, 2005, Dr. Wagner completed a questionnaire regarding Plaintiff's residual functional capacity. (Tr. 142-46). The doctor reported that Plaintiff can sit for 10 minutes at one time, but cannot stand for any amount of time. (Tr. 143). The doctor also reported that during an 8-hour workday Plaintiff can sit and stand/walk for less than 2 hours each. (Tr. 144). Dr. Wagner reported that Plaintiff requires a job with a sit/stand option. (Tr. 144). The doctor reported that Plaintiff can "rarely" lift less than 10 pounds and can "never" lift 10 pounds. (Tr. 144). Dr. Wagner reported that Plaintiff can "never" look down, turn his head to the left or right, look up, hold his head in a static position, twist, stoop, crouch, squat, or climb stairs. (Tr. 145). The doctor reported that Plaintiff must use a cane to stand or walk. (Tr. 144). The doctor also reported that Plaintiff experiences dizziness and fatigue from his medication. (Tr. 142). Plaintiff asserts that because Dr. Wagner was his treating physician, the ALJ was obligated to afford controlling weight to his opinions, which Plaintiff asserts evidence his disability.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Accordingly, the

medical opinions and diagnoses of treating physicians are given substantial deference, and if such opinions and diagnoses are uncontradicted, complete deference is appropriate. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

In assessing Dr. Wagner's opinion, the ALJ observed that the doctor's opinion was inconsistent with Plaintiff's testimony. (Tr. 19-20). At the administrative hearing, Plaintiff testified that he did not need to use a cane or walking device. (Tr. 156-57). Plaintiff also testified that he did not experience any side effects from his medication. (Tr. 176). This testimony is at odds with Dr. Wagner's statement that Plaintiff must use a cane to stand or walk and experiences dizziness and fatigue from his medication. The ALJ also observed that the opinions expressed by Dr. Wagner in his October 18, 2005 report were inconsistent with his previous instruction to Plaintiff (offered on May 24, 2005 and September 19, 2005) to engage in "regular sustained exercise for at least 30 minutes 3-4 times per week." (Tr. 20).

9

The ALJ observed that the objective medical evidence failed to reveal the presence of any abnormality or manifestation consistent with the extreme limitations articulated by Dr. Wagner in his October 18, 2005 report. (Tr. 19-20). With respect to the nature and extent of treatment Plaintiff had received, the ALJ noted:

> In addition, the evidence of record is not reflective of extensive treatment received by the claimant for his neck and low back complaints since January 7, 2005, such as participation in physical therapy, use of a TENS unit, or receipt of epidural steroid injection therapy. In fact, with no more than medication therapy apparently received by the claimant since January 7, 2005, the undersigned finds it reasonable to conclude that the claimant has considered such to be sufficient for the management of his symptoms, especially since there is also no evidence to show that his medication regimen has required numerous revisions.

(Tr. 18-19).

In sum, there exists substantial evidence to support the ALJ's decision to accord less than controlling weight to the opinions expressed by Dr. Wagner in his October 18, 2005 report.

### b.  The ALJ Properly Evaluated Plaintiff's Credibility

The ALJ discounted Plaintiff's subjective allegations as "not credible to the degree alleged." (Tr. 19). Plaintiff faults the ALJ for allegedly "focusing his line of questioning on the cause of why the Claimant ended his last job." Plaintiff also asserts that the ALJ failed to give proper weight to his testimony regarding his physical limitations.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is]

10

disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)).  Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Commissioner of Social Security*, 2004 WL 1745782 at *6 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  *Workman*, 2004 WL 1745782 at *6 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 2004 WL 1745782 at *6 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such

evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations not to be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).

First, there is no merit in Plaintiff's argument that the ALJ "focused his line of questioning on the cause of why the Claimant ended his last job." The ALJ questioned Plaintiff at length about his impairments, treatment history, activities, and limitations. (Tr. 150-78). The ALJ also questioned Plaintiff very briefly regarding the circumstances under which he left his last employment. (Tr. 153). Plaintiff testified that he was terminated from his last job for "failing to report an accident," not because he was unable to perform the requirements of his job. The ALJ did not unduly focus on this matter. Moreover, this is a relevant line of questioning. *See Schmidt v. Barnhart*, 395 F.3d 737, 745 (7th Cir. 2005) (where claimant discontinued working due to reasons other than inability to perform requirements of the job, such is relevant when assessing claimant's credibility); *Allen v. Apfel*, 3 Fed. Appx. 254, 257 (6th Cir., Jan. 23, 2001) (same).

As the ALJ correctly concluded, Plaintiff's subjective allegations were inconsistent with his "medical history, the reports from his treating and examining physicians, [and] the findings made upon objective clinical examinations." (Tr. 19). In this respect, the Court also notes that until requested by Plaintiff's counsel to submit a report regarding Plaintiff's alleged limitations, Dr. Wagner never imposed on Plaintiff limitations which are inconsistent with the ALJ's RFC determination. In sum, while the Court does not dispute that Plaintiff's impairments imposed on him a certain degree of limitation, the ALJ's credibility determination is nonetheless supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  June 2, 2008                                        /s/ Ellen S. Carmody
                                                                      ELLEN S. CARMODY
                                                                      United States Magistrate Judge